UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID AGUAYO, | § § § | |
| *Plaintiff* | § § | |
| V. | § § | 5:21-CV-1186 |
| ZZ CONSULTING, LLC, | § § | |
| *Defendant* | § § | JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff DAVID AGUAYO, by and through his undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, files this, his *Original Petition*, against Defendant ZZ CONSULTING, LLC. (Hereinafter, sometimes referenced as "ZZ Consulting"). For cause of action, Mr. Aguayo would show unto the Court the following:

**I.**
**STATEMENT OF THE CASE**

1.  This action arises under the Fair Labor Standard Act ("FLSA") and the Texas Payday Law against ZZ Consulting for failure to meet its wage and expense obligations for a period of six (6) months in the sum totaling Twenty-Two Thousand Dollars and No Cents ($22,000.00) in unpaid wages and an additional One Hundred and Forty-Seven Dollars and Forty-Nine cents ($147.49) as reimbursement of gas paid by their employee for the company's benefit.

## II.
## PARTIES

2. Plaintiff, David Aguayo, is an individual, who is a citizen of the State of Texas.

3. Defendant ZZ Consulting is a Corporation in Texas which may be served by delivering a copy of the summons and of the complaint to the registered agent, Zac Zeutzius, at 10 Westelm Gardens, San Antonio, Texas 78230, Bexar County.

## III.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, Section 16(b) of the Fair Labor Standard Act.

5. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), or concurrent jurisdiction with Bexar County District Court because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Venue is proper in this district under 28 U.S.C. 1391(b) because the alleged unlawful employment practices were committed in this state.

## IV.
## FACTS / FACTUAL ALLEGATIONS

6. On or about August of 2019, Mr. Aguayo was employed by ZZ Consulting.

7. Mr. Aguayo agreed to a compensation of thirty five percent (35%) for each delivery ticket, paid on a two-week schedule.

8. On or about October of 2019, ZZ Consulting stopped meeting their wage and expense obligations to Mr. Aguayo.

9. Mr. Aguayo was paid one thousand dollars ($1000) every two weeks by ZZ Consulting, which did not meet the agreed upon total if calculated by the previously mentioned thirty five percent (35%) of each ticket.

10. These missing wages totaled to Twenty-Two Thousand Dollars and No Cents ($22,000.00) in unpaid wages and an additional One Hundred and Forty-Seven Dollars and Forty-Nine cents ($147.49) as reimbursement of gas paid by the employee for the company's benefit.

11. On or about August of 2020, Mr. Aguayo was fired over the phone by Zac Zeutzius of ZZ Consulting.

12. Zac Zeutzius, during said phone call, demanded Mr. Aguayo return all equipment as well as the truck itself.

13. Zac Zeutzius, during said phone call, threatened to call the police and have Mr. Aguayo arrested if he did not return the truck and equipment.

14. Mr. Aguayo promptly returned the truck and equipment two days later.

15. From that point on, Zac Zeutzius refused to respond to any phone calls or text messages from Mr. Aguayo.

## V.
## CAUSES OF ACTION
### a. VIOLATION OF THE FEDERAL LABOR STANDARDS ACT

16. ZZ Consulting intentionally failed to pay wages due to Mr. Aguayo and these malicious actions by conversion of labor is a violation of the FLSA.

17. Wages required by the FLSA are due on the regular payday for the pay period covered.

18. ZZ Consulting acted with a known high degree of harm to our client and, in a concerted effort, proceeded to deliberately act in conscious disregard of, or indifference to that risk, which has created lost payments and emotional distress to Mr. Aguayo.

19. This conduct was extreme and outrageous in nature and for no legitimate purpose but to cause a high degree of personal distress to Mr. Aguayo and went well beyond all possible bounds of decency.

20. Mr. Aguayo is entitled to compensatory damages, liquidated damages, reasonable attorneys' fees and costs, and post-judgement interest.

### b. VIOLATION OF THE TEXAS PAYDAY ACT

21. ZZ Consulting intentionally failed to pay wages as required under the Texas Labor Code, Title 2, Protection of Laborers when unpaid wages due to Mr. Aguayo were not promptly paid. ZZ Consulting performed malicious actions by converting Mr. Aguayo's labor without paying him.

22. Wages required by the Texas Payday Act are due on the regular payday for the pay period covered.

23. ZZ Consulting acted with a known high degree of harm to our client and, in a concerted effort, deliberately proceeded to act in conscious disregard of, or indifference to, that risk which has created lost payments and emotional distress to Mr. Aguayo.

24. This conduct was extreme and outrageous in nature and for no legitimate purpose but to cause a high degree of personal distress to Mr. Aguayo and went well beyond all possible bounds of decency.

25. Mr. Aguayo is entitled to compensatory damages, liquidated damages, reasonable attorneys' fees and costs, and post-judgement interest.

### c. VIOLATION OF TEXAS PENAL CODE § 31.04, THEFT OF SERVICE

26. ZZ Consulting did intend to avoid payment for service that ZZ Consulting knew was provided only for compensation.

27. ZZ Consulting intentionally or knowingly secured performance of the service by deception, threat, or false token.

28. ZZ Consulting had control over the disposition of services of Mr. Aguayo to which ZZ Consulting is not entitled, ZZ Consulting intentionally or knowingly diverted the other's services to ZZ Consulting own benefit or to the benefit of another not entitled to the services.

29. ZZ Consulting intentionally or knowingly secured the performance of the service by agreeing to provide compensation and, after the service was rendered, failed to make full payment after receiving notice demanding payment.

## VI.
## DAMAGES

30. As a direct and proximate result of Defendant's conduct, plaintiff suffered the following injuries and damages.

   a. By and through his Original Petition, Mr. Aguayo pleads that Defendant, and its agents, employees, and representatives, have caused him grievous harm and damages. As a direct and proximate result of its violations of Texas law, Defendant has caused Mr. Aguayo to suffer extensive damages in amounts within the jurisdictional limits of this Court.

   b. By and through his Original Petition, Mr. Aguayo pleads that Defendant has caused him to suffer acute mental anguish and severe emotional distress including, but not limited to, intense feelings of guilt and depression, anxiety, worry, apprehension, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and alienation of affection from his family and friends. Mr. Aguayo will, in all likelihood and for the balance of his life, continue to suffer these damages.

c. By and through his Original Petition, Mr. Aguayo pleads that Defendant caused him to suffer lost back wages, lost future wages, and loss of other valuable employment benefits such as insurance and retirement benefits. Mr. Aguayo will continue to suffer these damages into the foreseeable future.

d. Mr. Aguayo was forced to secure the undersigned counsel to protect his rights guaranteed by Federal Law and the Texas Labor Code and, therefore, requests an award of attorney's fees and taxable costs of Court.

31. For these reasons, Plaintiff asks for judgment against defendant for the following:

   a. affirmative action to hire, reinstate, or promote Plaintiff;
   b. back pay;
   c. front pay;
   d. compensatory damages;
   e. prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney fees;
   f. for reasonable attorney fees;
   g. costs of suit;
   h. all other relief the Court deems appropriate.

## VII.
## ATTORNEY FEES AND COSTS

32. Plaintiff is entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b).

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF Mr. David Aguayo respectfully prays that, upon final trial on the merits, he recover judgment against DEFENDANT, ZZ CONSULTING, LLC., said judgment entitling Plaintiff to:

   a. Compensation for all reasonable damages, including, but not limited to, past and

future wages and other compensation, in an amount to be determined upon inquest;

b. Compensation for compensatory damages such as mental anguish and emotional pain and suffering, in an amount to be determined upon inquest;

c. A mandatory injunction promoting Mr. Aguayo to full employment, with all lost wages and pertinent employment benefits, retroactive to August of 2019;

d. Reasonable and necessary attorney's fees;

e. All taxable costs of court expended in this lawsuit;

f. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

g. Such other and further legal relief, either at law or equity, to which Mr. Aguayo may be justly entitled.

h. Reasonable attorney's fees, costs, and expenses of this action, including expert

i. witness costs;

j. Pre-judgment and post-judgment interest at the highest rates allowed by law;

k. Plaintiff seeks damages in an amount that is within jurisdictional limits of court; and

l. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

THE JAKOB LAW FIRM, P.C.
TETCO CENTER
1100 N E Loop 410, Suite 200
San Antonio, Texas 78209
Tel.: (210) 226-4500
Fax: (210) 226-4502
Email: JJJ@diazjakob.com

By: _____
JASON J. JAKOB
State Bar No.: 24042933
Attorney for Plaintiff, David Aguayo

PLAINTIFF REQUESTS TRIAL BY JURY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered via CM/ECF electronic filing on this the 30th day of November 2021:

Zac Zeutzius  
ZZ CONSULTING, LLC  
10 Westelm Gardens  
San Antonio, Texas 78230  
zac.zeutius@gmail.com

**VIA ELECTRONIC FILING SERVICE**

By _____  
Jason J. Jakob

STATE OF TEXAS §

BEXAR COUNTY §

## AFFIDAVIT OF DAVID AGUAYO

Before me the undersigned notary, on this day personally appeared **David Aguayo**, a person whose identity is known to me. After I administered an oath to her, upon her oath she said:

1). "My name is David Aguayo. I am the Charging Party in this case. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are written within my personal knowledge and are true and correct;

2) This is my accounts of what happened to me with Zac Zeutzius **with regards to** payment of what he owes me **and** how much he was supposed to pay me. The **stated** agreement **is that I** was to be paid 35% of total tickets turned on the daily and weekly basis;

3) We had talked about this back on or about August of 2019 at Chester's Hamburgers On IH-10 and Wurzbach Road, which I agreed to moving forward;

4) Starting October of 2019, I was supposed to receive 35% of each ticket, paid on a two (2) week basis, but I never received the full amount. Each payday Mr. Zeutzius said he was having a hard time collecting from EOG, to which I said, "No problem." I understood that was from about August 2019 to December 2019;

5) Turn to 2020 and I still did not get paid the full amount on each ticket as agree. I was only paid $1,000 every 2 weeks, not the 35% of each ticket as agreed;

6) I turned in my receipts from the past year and starting the new year of 2020. I asked him about it on several occasions, and I sent many texts to him. His reply was for me to fill out a spreadsheet and tell me what I think he owed me;

7) This went on for for several months and then, on or about August of 2020 he called me over the phone and stated that he no longer needs me and that I have to give back the truck and all of his equipment. I said that he can have it when he pays me for what he owes me, the $22,197.40, from what I could make out to that point;

8) I did not even get my last pay check;



9) Mr. Zeutzius said that if he did not get his truck and equipment he would call the police on me and have me arrested, so I did give him all of his stuff, about two days later, and to this day he has not even called or texted me to say anything about the matter;

10) I know that he is doing the same thing to a friend of ours, David Robinson, so I feel he thinks he don't have to pay anyone back on what he owes us;

11) I have now spent money that I don't have for Lawyers I should not need to have.

"Further affiant sayeth naught."

*David Aguayo*

Sworn to and subscribed before me by David Aguayo on this 7th day of October, 2021.

Notary Public in and for
The State of Texas

(locus sigilli)

EDUARDO R. MAGALONI
Notary Public, State of Texas
Comm. Expires 08-06-2023
Notary ID 132117715

My commission expires: 08-06-2023

**David Aguayo**